**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7176**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELSA G. MONTECINOS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:08-cr-00590-CMC-17; 3:12-cv-01978-CMC)

Submitted:  January 30, 2018                          Decided:  February 14, 2018

Before DIAZ and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elsa G. Montecinos, Appellant Pro Se.  Jimmie Ewing, Stanley D. Ragsdale, Julius Ness Richardson, John David Rowell, Assistant United States Attorneys, James Chris Leventis, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elsa G. Montecinos appeals the district court's order construing her Fed. R. Civ. P. 60(b)(6) motion as an unauthorized, successive 28 U.S.C. § 2255 (2012) motion and dismissing for lack of jurisdiction.

We review the district court's judgment de novo, and a certificate of appealability is not required. *United States v. McRae*, 793 F.3d 392, 397, 400 (4th Cir. 2015). Although a prisoner is permitted to seek Rule 60(b) relief from the district court's judgment on a § 2255 motion, "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive" § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." *Id.* at 207. "Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications," and "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Id.* By contrast, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *McRae*, 793 F.3d at 397 (internal quotation marks omitted).

Montecinos asserted in her Rule 60(b) motion that the district court erred by not considering her claim that counsel rendered ineffective assistance by failing to move to suppress evidence based on the placement of a GPS tracker on her vehicle. The issue is

2

whether that claim constitutes a challenge to a defect in the integrity of the federal habeas proceeding or is actually a veiled attempt to raise a new argument based on *United States v. Jones*, 565 U.S. 400 (2012) (holding that attachment of GPS tracking device to vehicle and use of device to track vehicle's movements constitutes search within meaning of Fourth Amendment).

If a Rule 60(b) movant argues that the district court erred by failing to consider a claim she raised in her federal habeas petition and the movant actually raised that claim in her petition, then the motion is a true Rule 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1224 (10th Cir. 2006). If, however, a Rule 60(b) movant argues that the district court erred by failing to consider a claim she raised in her federal habeas petition and the movant did not actually raise that claim in her petition, then the motion qualifies as a successive federal habeas petition, for which the movant must seek prefiling authorization. *Id.* at 1226.

We conclude that Montecinos' claim in her Rule 60(b)(6) motion falls into the latter category—she did not argue in her original § 2255 motion that counsel rendered ineffective assistance by failing to move to suppress evidence based on the placement of a GPS tracker on her vehicle. Because Montecinos' claim based on *Jones* was not presented in her original § 2255 motion, the district court correctly concluded that her Rule 60(b)(6) motion is, in substance, an unauthorized, successive § 2255 motion.

When a district court construes a Rule 60(b) motion as a successive § 2255 motion, we treat the notice of appeal and informal appellate brief as an application for authorization to file a second or successive § 2255 motion. *Winestock*, 340 F.3d at 208.

3

To obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Montecinos' claim does not satisfy either of these criteria. We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*